## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MARIA ARREGUIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.** |
| **SYMMBAN STYLE, LLC, d/b/a STYLE** ) | |
| **DRY CLEANERS and, SHABANA ANSARI,** ) | |
| **individually,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff Maria Arreguin ("Arreguin"), through her attorneys, for her Complaint against Defendants Symmban Style, LLC, doing business as Style Dry Cleaners (hereinafter "Defendant" or "Style Cleaners"),[1] and Shabana Ansari (hereinafter "Defendant" or " Ansari"), individually, states as follows:

## INTRODUCTION

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Chicago Minimum Wage and Paid Sick Leave Ordinance, Chicago Municipal Code § 1-24 *et seq.* ("CMWO") for: 1) Defendants' failure to pay Plaintiff the statutorily required minimum wage rate for all hours she suffered or was permitted to work in violation of the FLSA, IMWL, and CMWO, and 2) failure to compensate Plaintiff for all hours she suffered or was permitted to work in violation

_____

[1]      For the purposes of this Complaint, Defendant Style Cleaners refers to the business of Style Dry Cleaners, as well as the corporate entity identified by the Illinois Secretary of State as Symmban Style LLC.

of the FLSA, IMWL, and CMWO.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the Plaintiff's FLSA claim pursuant to 28 U.S.C. §

1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the Plaintiff's

claim under the IMWL and CMWO pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district because Defendant Style Cleaners' place of

business is located within this judicial district and the events giving rise to the claims occurred in

this judicial district.

## PARTIES

4.      Plaintiff Arreguin resides in and is domiciled within this judicial district. At all

material times, Arreguin was employed by Defendants as an "employee" within the meaning of the

FLSA, 29 U.S.C. § 203(e)(1), and within the meaning of the IMWL, 820 ILCS 105/3(d), and

Arreguin was a "covered employee" within the meaning of the CMWO, Chicago Municipal Code

§ 1-24-010.

5.      At all relevant times, Defendant Symmban Style, LLC ("Symmban"), has been

registered as a limited liability Illinois corporation doing business in the state of Illinois.  Defendant

Style Dry Cleaners is an assumed name registered with the Illinois Secretary of State as Symmban

Style, LLC.  Its principal office is located at 7401 N Western Ave, Chicago, IL 60645.

6.      Defendant Ansari is the sole managing member of Defendant Symmban and

Defendant Arsari owns and operates Defendant Style Dry Cleaners.

7.      At all material times, Defendant Ansari was acting directly or indirectly in the interest

of the Defendant Style Cleaners in relation to the Plaintiff and as an "employer" under Section

2

203(d) of the FLSA, 29 U.S.C. § 203(d), and subject to the provisions of Section 7 of the FLSA, 29

U.S.C. §207, and acting directly or indirectly in the interest of the Defendant Style Cleaners in

relation to the Plaintiff and as an "employer" within the meaning of the IMWL, 820 ILCS § 105/3(c)

and the CMWO, Chicago Municipal Code § 1-24-010.

8.      Within the relevant time period, Defendant Ansari had the authority to hire and fire

and/or to direct and supervise the work of Plaintiff. That authority includes, but is not limited to,

authorizing payment of wages to Plaintiff, setting the Plaintiff's work schedule, signing checks on

behalf of Style Cleaners, issuing payroll, and participating in decisions regarding the operation of

the business and its employment policies and practices.

9.      Within the relevant period of time, Defendant Style Cleaners employed more than

two persons, including Plaintiff, who handled goods moved in interstate commerce.

10.     Defendant Style Cleaners is an "enterprise" as defined by 3(r)(l) of the FLSA, 29

U.S.C. §203(r)(l), and is an enterprise engaged in commerce or in the production of goods for

commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. §203(s)(1)(A).

11.     On information and belief, within the last three years Style Cleaners' annual gross

volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

## FACTUAL BACKGROUND

12.     At all materials times, Defendant Style Cleaners has been located at 7401 N Western

Ave, Chicago, IL 60645.

13.     Style Cleaners was initially owned and operated by Ansari and her husband,Urooj

Kahn. In July 2012, Mr. Kahn suffered a heart attack and died.

14.     Since on or about August 28, 2011, Ms. Arreguin has been employed by Defendants

3

or a predecessor of Defendants.

15.    Arreguin's work on behalf of the Defendants includes, *inter alia*, folding towels, ticketing clothes dropped off by customers for identification, pre-treating collars and cuffs by hand, and other folding and ironing tasks as directed by Ansari.

16.    Arreguin's work duties and responsibilities have not significantly changed since commencing work for Defendants.

17.    During the Plaintiff Arreguin's employment by Defendants, she has worked approximately 25-hours per week, regularly working Monday through Friday from 9:00am until 2:00pm.

18.    From on or about August 28, 2011 until on or about September 1, 2013, Plaintiff Arreguin was paid $5.00 for each hour she suffered or was permitted to work.

19.    From on or about September 1, 2013, until on or about March 1, 2016, Arreguin was paid $6.00 for each hour she suffered or was permitted to work.

20.    Since on or about March 1, 2016 until the present, Arreguin has been paid $7.00 for each hour she suffered or was permitted to work.

21.    Within the three (3) years prior to Plaintiff filing this Complaint, Defendants regularly and customarily required Plaintiff to work for a wage less than the applicable minimum wage rate set by the FLSA, IMWL, and the CMNO.

22.    At all relevant times, the Defendants had a policy and practice of failing to pay the minimum wage as required by either federal law, state law, or the City of Chicago ordinance.

23.    During the course of Plaintiff Arreguin's employment, Defendants had a practice of failing to compensate Plaintiff for all hours she suffered or was permitted to work in a given work

week.

## COUNT I

### Violation of the FLSA - Failure to Pay Minimum Wage

24.     Plaintiff incorporates and re-alleges paragraphs one through twenty-three (1-23) of this Complaint as paragraph 24, Count I.

25.     Count I arises from Defendants' failure to pay Plaintiff a wage rate of at least $7.25 an hour for all hours she suffered or was permitted to work in a given workweek in violation of the FLSA, 29 U.S.C. § 206(a).  Plaintiff Arreguin has signed a consent, under 29 U.S.C. § 261(b) to file this action as provided in Exhibit 1 that is attached hereto (See Exhibit 1, Arreguin Consent).

26.     During the relevant statutory period, the Plaintiff, as Defendants' employee, engaged in commence or was employed in an enterprise engaged in commence or in the production of good for commerce.

27.     During the relevant period, Plaintiff was not exempt from the minimum wage provisions of the FLSA.

28.     During the relevant period, Defendants did not pay Plaintiff an hourly wage rate of at least $7.25 an hour.

29.     Defendants' failure to pay Plaintiff the minimum required hourly wage for all hours she suffered or was permitted to work is a violation of the FLSA.

30.     During the relevant statutory period, Defendants failed to pay Plaintiff for all hours she suffered or was permitted to work in a given workweek.

31.     Defendants' failure to pay Plaintiff proper compensation for hours of work she suffered or was permitted to work is a violation of the FLSA.

5

32.     Plaintiff is entitled to recover the difference between the hourly wage rate she was paid by Defendants and the applicable minimum wage set by the FLSA for all hours she suffered or was permitted to work for up to three (3) years prior to the filing of this lawsuit as Defendants' failure to pay the minimum wage for all hours Plaintiff suffered or was permitted to work is a willful violation of the FLSA.

33.     Plaintiff is entitled to recover payment at the applicable FLSA minimum wage for all hours she suffered or was permitted to work for which she received no compensation for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay Plaintiff for all hours she suffered or was permitted to work is a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of the difference between the hourly wage rate that Plaintiff was paid by Defendants and the applicable minimum wage rate set by the FLSA for all hours she suffered or was permitted to work, and payment at the minimum wage rate set by the FLSA for all hours Plaintiff suffered or was permitted to work for which she received no compensation;

B.      Liquidated damages in the amount equal to the amount of all unpaid wages owed to Plaintiff;

C.      That the Court declare Defendants violated the FLSA;

D.      That the Court enjoin Defendants from continuing to violate the FLSA;

E.      Reasonable attorneys' fees and costs of this action as provided by the FLSA, and;

F.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL - Failure to Pay Minimum Wage

34.     Plaintiff incorporates and re-alleges paragraphs one through twenty-three (1-23) of this Complaint as paragraph 34, Count II.

35.     Count II arises from Defendants' failure to pay Plaintiff a wage rate of at least $8.25 an hour for all hours she suffered or was permitted to work in a given workweek in violation of the IMWL, 820 ILCS 105/4(a)(1).

36.     During the relevant period, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

37.     Defendants directed Plaintiff to work and Plaintiff did work for periods where she was compensated at less than the minimum wage.

38.     Plaintiff is entitled to be paid for all time she suffered or was permitted to work in an individual workweek at the minimum wage rate set by the IMWL.

39.     During the relevant period, Defendants did not pay Plaintiff for all the time she suffered or was permitted to work.

40.     Defendants' failure to pay Plaintiff the minimum required hourly wage rate for all hours she suffered or was permitted to work is a violation of the IMWL.

41.     Defendants' failure to pay Plaintiff any compensation for hours of work she suffered or was permitted to work is violation of the IMWL.

42.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid regular wages for three (3) years prior to the filing of this lawsuit.

43.     Plaintiffs is entitled to recover the difference between the hourly wage rate she was paid by Defendants and the applicable minimum wage set by the IMWL for all hours she suffered or was permitted to work for three (3) years prior to the filing of this lawsuit as provided by IMWL.

44.     Plaintiffs is entitled to recover payment at the applicable IMWL minimum wage for all hours she suffered or was permitted to work for which she received no compensation for up to

7

three (3) years prior to the filing of this lawsuit as provided by IMWL.

45.     The Defendants' failure to pay the minimum wage for all hours Plaintiff suffered or was permitted to work is a willful violation of the IMWL and Plaintiff is entitled to damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

A.      A judgment in the amount of the difference between the wage rate which Plaintiff was paid by Defendants and the applicable minimum wage rate set by the IMWL for all hours she suffered or was permitted to work, and payment at the minimum wage set by the IMWL for all hours Plaintiff suffered or was permitted to work for which she received no compensation;

B.      Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      That the Court declare that Defendants have violated the IMWL;

D.      That the Court enjoin Defendants from continuing to violate the IMWL;

E.      Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.      Such other and further relief as this Court deems appropriate and just.

## COUNT III

### Violation of the CMWO - Failure to Pay Minimum Wage

46.     Plaintiff incorporates and re-alleges paragraphs one through twenty-three (1-23) as paragraph 46, Count III.

47.     This Count arises from Defendants' practice of paying Plaintiff a wage rate less than the minimum wage required by the CMWO, Chicago Municipal Code § 1-24 -020.

48.     Pursuant to the CMNO, the minimum hourly wage Defendants were permitted to pay Plaintiff were as follows: From July 1, 2015 to June 30, 2016, $10.00 per hour worked; from July 1, 2016 to June 30, 2017, $10.50 per hour worked; and from July 1, 2017 to the present, $11.00 per hour worked.

49.     Defendants maintain a business facility within the geographic boundaries of the City of Chicago.

50.     Plaintiff regularly performed more than two-hours of work in a two-week period.

51.     During the relevant period, Plaintiff was not subject to any of the exclusions contained in the CMWO, Chicago Municipal Code § 1-24 -050.

52.     Defendants directed Plaintiff to work and Plaintiff did work for periods where she was compensated at less than the minimum wage.

53.     Plaintiff is entitled to be paid for all hours she suffered or was permitted to work in an individual workweek at the minimum wage rate set by the CMWO at the time Plaintiff suffered or was permitted to work those house.

54.     Defendants failed to pay Plaintiff for all hours she suffered or was permitted to work.

55.     Defendants' failure to pay Plaintiff the minimum required hourly wage for all hours she suffered or was permitted to work is a violation of the CMWO.

56.     Defendants' failure to pay Plaintiff any compensation for hours of work she suffered or was permitted to work is violation of the CMWO.

57.     Plaintiff is entitled to recover the difference between the hourly wage rate she was paid by Defendants and the applicable minimum wage set by the CMWO for all hours she suffered or was permitted to work.

58.     Plaintiff is entitled to recover payment at the applicable CMWO minimum wage for all hours she suffered or was permitted to work for which she received no compensation.

59.     Pursuant to the CMWO, Chicago Municipal Code § 1-24 -110, Plaintiff is entitled to recover three times of the amount of any underpayment resulting from the Defendants' failure to pay her the minimum wage set by the CMWO for all hours she suffered or was permitted to work.

A.      A judgment in the amount of the difference between the wage rate which Plaintiff was paid by Defendants and the required minimum wage rate set by the CMWO for all hours she suffered or was permitted to work, and payment at the minimum wage set by the CMWO for all hours Plaintiff suffered or was permitted to work for which she received no compensation;

B.      Statutory damages in the amount of three times the underpayment of Plaintiff's wages as required by Chicago Municipal Code § 1-24 -110;

C.      That the Court declare that Defendants have violated the CMWO;

D.      That the Court enjoin Defendants from continuing to violate the CMWO;

E.      Reasonable attorneys' fees and costs of this action as provided by the CMWO; and

F.      Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

/s/ Karen I. Engelhardt
*One of Plaintiff's Attorneys*

Karen I. Engelhardt
N. Elizabeth Reynolds
Sara S. Schumann
Ryan M. Thoma
Allison, Slutsky & Kennedy, P.C.
230 W. Monroe Street, Suite 2600
Chicago, Illinois 60606
(312) 364-9400
Fax: (312) 364-9410

October 27, 2017